**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| ROBERT GARBER, | No. 11-56901 |
| Plaintiff - Appellant, | D.C. No. 2:09-cv-05657-DDP-RNB |
| v. | |
| GILDARDO VIZCARRA, individual and official capacity as a police officer for the City of Los Angeles General Services Department; et al., | MEMORANDUM[*] |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the Central District of California
Dean D. Pregerson, District Judge, Presiding

Submitted February 11, 2013[**]

Before: FERNANDEZ, TASHIMA, and WARDLAW, Circuit Judges.

Robert Garber appeals pro se from the district court's summary judgment in

his 42 U.S.C. § 1983 action alleging unlawful search and seizure, harassment, and

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

conspiracy. We have jurisdiction under 28 U.S.C. § 1291. We review de novo. *Morrison v. Hall*, 261 F.3d 896, 900 (9th Cir. 2001). We affirm.

The district court properly granted summary judgment on Garber's claims alleging unlawful search and seizure because Garber failed to raise a genuine dispute of material fact as to whether defendant police officers lacked probable cause to arrest him. *See United States v. Lopez*, 482 F.3d 1067, 1072 (9th Cir. 2007) ("Probable cause to arrest exists when officers have knowledge or reasonably trustworthy information sufficient to lead a person of reasonable caution to believe that an offense has been or is being committed by the person being arrested.").

The district court properly granted summary judgment on Garber's claim alleging harassment in violation of his substantive due process rights because Garber failed to raise a genuine dispute of material fact as to whether the officers harassed him.

The district court properly granted summary judgment on Garber's claim alleging conspiracy because Garber failed to raise a genuine dispute of material fact as to whether the officers agreed to deprive him or actually deprived him of any constitutional right. *See Avalos v. Baca*, 596 F.3d 583, 592 (9th Cir. 2010) (explaining the requirements of a conspiracy claim under § 1983).

The district court properly granted summary judgment on Garber's claim alleging municipal liability because Garber failed to raise a genuine dispute of material fact as to whether the officers violated any constitutional right. *See City of Los Angeles v. Heller*, 475 U.S. 796, 799 (1986) (per curiam) (if defendant police officers inflicted no constitutional injury, the municipality cannot be liable for damages).

We reject Garber's contention that the district court committed misconduct by ruling against him.

**AFFIRMED.**